STATE OF MAINE

CUMBERLAND, ss.

STATE OF MAINE
CUMBERLAND, SS
CLERK'S OFFICE

2002 NOV 19 P 2: 04 RAC-CUM- 11/19/2002

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-96-321

PAULINE HODGE and STEPHEN HODGE,

Plaintiffs

v.

DONALD L. GARBRECHT
LAW LIBRARY

DEC 3 2002

JOHNSON & JOHNSON MEDICAL , INC., ET AL.

Defendant

_____

OWENS & MINOR, INC. and STUART MEDICAL, INC.,

Defendants and Third-Party Plaintiffs

v.

**ORDER**

AMERICAN HEALTH PRODUCTS CORP., ET AL.

Third-Party Defendant

Before this court is American Health Products Corp.'s Motion to Dismiss pursuant to M.R.Civ.P. 7(b) & 16(a) an Amended Third-Party Complaint filed by Owens & Minor, Inc. and Stuart Medical, Inc.

### FACTS

Pauline Hodge was employed as a nurse. In the course of her work, she claimed that she used latex gloves, which caused her to suffer an allergic reaction and become totally disabled. As a result of her injuries, she and her husband, the original Plaintiffs, filed a suit on April 2, 1996 against Johnson & Johnson, Co., a

manufacturer of latex gloves.[1] On May 30, 1997, this court revised the scheduling order so that June 10, 1997 was the last day to join additional parties, also noting that "Deadlines will not be extended again." On June 6, 1997, the Plaintiffs filed a Motion to Amend Complaint, which among other things, added as defendants, Owens & Minor, Inc. and Stuart Medical, Inc., companies that distributed latex gloves to hospitals. This court granted the Motion to Amend Complaint on July 8, 1997. Hence, Owens & Minor, Inc. and Stuart Medical Inc. (Third-Party Plaintiffs) were served process on July 18, 1997. After answering the Amended Complaint, the Third-Party Plaintiffs filed a third-party Complaint on March 22, 2002, also later amended, against American Health Products Corp. (Third-Party Defendant), a manufacturer of latex gloves, claiming indemnity, contribution and express indemnity as well as seeking declaratory relief.

## DISCUSSION

The Third-Party Defendant seeks to dismiss the Third-Party Amended Complaint because it was filed more than four years after the deadline set in the Revised Scheduling Order (RSO) issued by this court on May 30, 1997. Pursuant to M.R.Civ.P. 16(a) "[t]he joinder of additional parties after the scheduling order has issued shall not require a modification of the scheduling order except on motion for good cause shown." Accordingly, under normal circumstances the Third-Party Plaintiffs would have had to file a motion showing good cause to modify the RSO. However, in the present case, the deadline set in the RSO to

---

[1] The issues in the Plaintiffs' suit are similar to those in federal multidistrict litigation, MDL Docket No. 1148, in which the United States District Court for the Eastern District of Pennsylvania is coordinating discovery and other pretrial matters for over two hundred and fifty pending latex gloves product liability cases. *See* http://www.paed.uscourts.gov/mdl1148.shtml. On July 11, 1997, this court ordered that the present case be coordinated with the abovementioned MDL docket.

join new parties had already expired before the Third-Party Plaintiffs were made parties to the suit. Furthermore, per the RSO the Third-Party Plaintiffs had no way to have the deadline extended. Therefore, as a matter of fairness this court cannot deprive the Third-Party Plaintiffs of procedural rights afforded other parties.

The Third-Party Plaintiffs have persuaded this court that under the circumstances they acted in a relatively timely manner in seeking to involve the Third-Party Defendant in defending its manufacturing processes. Moreover, because the Third-Party Defendant is a national manufacturing defendant in the MDL and has participated in generic MDL discovery, little prejudice will result given that local discovery is still ongoing, e.g., the Third Party Defendant can still participate in deposing the Plaintiff and her co-workers. Finally, as the Superior Court in San Diego County, California has stated, there is a strong public policy in favor of resolving latex glove cases on the merits in a single proceeding as opposed to granting a motion to dismiss because cross-defendants were served in an untimely manner. *See* <u>Dutton v. Baxter Healthcare, Corp.</u>, No. JCCP 4003-032 (Super. Ct. San Diego County, Cal., June 29, 2000).[2]

WHERFORE this court will **DENY** the Third-Party Defendant's Motion to Dismiss.

Dated: November _14_, 2002

Roland A. Cole
Justice, Superior Court

---

[2] In this case the court mitigated prejudice by extending discovery. *See* http://www.sandiego.courts.ca.gov/jccp/latex/orders/tr000629_032.html.

Date Filed __04-01-96__     __Cumberland__     Docket No. __CV 96-321?__

County

Action __Personal Injury__

BIOSAFTEY SYSTEMS INC, HAND CARE INC
AMERICAN HEALTH PRODUCTS CO. r. (t/p (
HPI INC, SMITH & NEWPHEW AHP INC,
SAFESKI CORP, TYCO HEALTHCARE GROUP

PAULINE HODGE
STEPHEN HODGE

Robert Mittelholzer
Esq. (TPD Hand Care)
369 Lafayette Road
Hampton, NH 03842
603-926-7455

(TYCO)

vs.

JOHNSON & JOHNSON Medical, Inc.
TILLOTSON HEALTHCARE CORP.
MEDIGUARD CORP.    STUART MEDICAL, I
JASON MARKETING CORP.   OWENS & MINOR, I
BECTON DICKINSON & Company
VHA CORPORATION    Jason International Ir

Frederick Costlow
Esq.
P.O. Box 2429
Bangor, ME 04402

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| CYNTHIA DILL, ESQ.<br>75 PEARL STREET, SUITE 214<br>PORTLAND, ME 04101<br>773-0333<br><br>(Owens & Minors Inc)<br><br>WILLIAM A. SHERIDAN, ESQ. (Stuart Med. Inc.)<br>ONE BOSTON PLACE, SUITE ~~1820~~-240<br>BOSTON, MA 02108<br>(617) 720-2700 FREDERICK MOORE (STUART MED.<br>& Daniel Nuzzi, Esq.<br>PO BOX 568   772-6565 (Owens)<br>PM 04112-0568 & Robert Redmond<br>Two James Ctr, 1021 East Cary Street<br>Richmond, VA 23219 | ANSELL INC.<br>773-5651<br>Thomas C. Newman, Esq. (Johnson & Johnson)<br>P.O. Box 9785 Portland 04104-5085<br>(M.K. & Kevin Beal)<br>Michael Kaplan, Esq. (Jason Marketing, a/k/<br>P.O. Box 9546 Portland, ME 04112-9546<br><br>WILLIAM KNOWLES (Tillotson)<br>ONE PORTLAND SQ PM 04112   774-4000<br><br>THEODORE H. KIRCHNER, ESQ<br>~~JAMES POLIQUIN,~~ BARRY EPSTEIN, STUART<br>FEINBLATT, BETH ROSE, ESQS. (Becton)<br>PO BOX 4600, PM 04112-4600 774-7000<br>JOHN RICH, RICHARD DUFFY, LUIS BERRONES,<br>ARTHUR SCHELLER, NANCY LAETHEM, Esqs.<br>PO BOX 426 PM 04112-0426 (VHA)<br>& Ansell Inc.<br>KENNETH PIERCE ESQ. (AMER. HEALTH) |

| Date of Entry | |
|---|---|
| 1996<br>Apr. 2 | Received on 04-01-96:<br>Complaint filed. |
| May 7 | Received 05-06-96:<br>Plaintiffs' motion to Amend Complaint filed. |
| " " | Plaintiffs' Motion to Admit William Sheridan Pro Hac Vice filed. |
| " " | Verified Pro Hac Vice Application for Admission of William A. Sheridan filed. |
| " " | Plaintiffs' First Amended Complaint filed. |
| May 31 | Received 05-30-96:<br>Order Admitting William Sheridan Pro Hac Vice filed. (Brodrick, J.)<br>Attorney William A. Sheridan is hereby admitted pro hoc vice pursuant to Rule 89(b) of the Maine Rules of Civil Procedure and motion filed by Dynthia Dill, Esq. dated May 3, 1996. |
| " " | Order filed. (Brodrick, J.)<br>Plaintiffs' Motion to Amend Complaint is hereby allowed pursuant to M.R.Civ.P. 15(a).<br>On 05-31-96: Copies mailed to William Sheridan and Cynthia Dill, Esqs. |
| June 27 | Received 06-26-96:<br>Summonses filed.<br>Defendant Jason Marketing Corp., served on 6-14-96.<br>Defendant VHA Corporation served on 6-19-96.<br>Defendant Tillotson Healthcare Corp. served on 6-21-96.<br>Defendant Johnson & Johnson Co. served on 6-20-96. |
| June 27 | Received 06/27/96:<br>Summons filed.<br>Defendant Becton Dickinson Corp. served 06/24/96 to Marianne Iacobelli, Legal Sec. |
| July 10 | Received 07-10-96:<br>Defendant Johnson & Johnson's Answer and Cross-Claim filed. |